# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
V.      **ORDER OF DETENTION PENDING TRIAL**
Steven Demink      Case Number: 10-30425
*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
    - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    - ☐ an offense for which the maximum sentence is life imprisonment or death.
    - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
    - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
    - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
    - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☑ (1) There is a serious risk that the defendant will not appear.
- ☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

This is a presumption case.

Defendant is a 41 year old male who has lived at home with his parents his entire life. He has no assets and his only financial liabilities are his lease car payment and his car insurance payment ($550 total).

(CONTINUE ON PAGE 2)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

October 15, 2010      s/ Mona K. Majzoub
*Date*      *Signature of Judge*
      MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE
      *Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Since April 2010 he was employed as a car salesman at Riteway Automotive in Waterford, MI. Defendant does not believe that he can continued to be employed there as a result of these charges being lodged. He previously worked for a 5 year period at Charter One Bank in Dearborn, MI..

Defendant has no prior criminal history, and no substance abuse issues.

His mother indicates that ten years ago he was diagnosed with Attention Deficit Disorder and was briefly medicated but stopped taking his medications because it "upset his system". The true extent of Defendant's mental health status is not clear, but clearly there are concerns.

Defendant is charged by way of Federal Criminal Complaint with Production of Child Pornography, Receipt of Distribution of Child Pornography, and Possession of Child Pornography. Defendant is facing a minimum of 30 years to life in prison.

The facts alleged in the complaint paint a most disturbing course of events. In Idaho a mother was interviewed who admitted that she molested her five year old son and engaged in oral sex and unlawful touching at the behest of a man whom she met on line whom she knew as Dalton Sinclair (aka Defendant Demink) and whom she met on a website called singleparentmeet.com. Dalton Sinclair told her that he had a 14 year old daughter himself, and that family nudity was natural and normal between parents and their children. Sinclair persistently encouraged the Idaho mother to commit certain sex acts with her 5 year old son, and she complied. Explicit images were sent by the mother to Defendant Demink at his direction.

Last week ICE rescued a 10 year old girl and a 13 year old boy in Florida from their mother. The mother met Defendant, who was posing under the guise of Dalton Sinclair, on an internet website. Defendant told this mother that he had a PhD in psychology, and naturally, when he raised the subject of her children in conversation, he told her that he could help her son and daughter. He ultimately directed the mother to get naked with her son, shower with her son, touch her son sexually, perform oral sex on her son, and engage him in other sexual acts. Defendant Demink directed the mother as to the type of conduct he wanted produced and sent to him via email, webcam videos, or photos.

In Virginia ICE agents rescued a six year old boy last week. Defendant had convinced his mother to perform acts of oral sex and sexual intercourse on the child. Defendant engaged the mother by sending her nude pictures of a girl whom he claimed was his 14 year old daughter to show her that what he was asking her to do was normal between parents and their children and no different that what he did with his daughter.

Evidence was proffered by the Government that in 2003 Defendant was a target in a nationwide ICE investigation of a child porn website. Defendant was not charged at that time, but the information was proffered for the purpose of showing that Defendant's activities in this vein have been continuing and long standing.

A search warrant recently executed on Defendant's home resulted in the seizure of his computer. Images of the nude 14 year old girl whom he had represented to be his daughter were among the hundreds and hundreds of child pornography pictures found.

Defendant is known to have perpetrated the sexual assaults of at least five children by their mothers; three mothers are currently in custody for sexually assaulting their children at the urging of Defendant and producing evidence depicting the abuse. The weight of the evidence appears to be strong; the government is in possession of several chat logs, emails from the Florida mother, Defendant's own computer, multiple images, and Defendant's statement that he did in fact have several conversations with women across the country urging sexual encounters between them and their children.

Defendant is a cyber predator of the worst kind; he is a danger to society and virtually all children are at risk. Under 18 USC 3142(g) detention is appropriate for defendants involved in crimes against children.

Furthermore, Defendant is also a risk of flight, given that he has every reason to flee. He is facing 30 years to life, and has no previous criminal history. For him a sentence like this could in fact be a life sentence.

Defendant has failed to rebut the presumption of detention.

Because Defendant poses an EXTREME danger to society, and because he is also a risk of flight given the sentencing guidelines, this Court finds that no condition or combination of conditions would reasonably assure the safety of the community or the Defendant's appearance at trial. Therefore, Detention is Ordered.